Nott, J.
This was an action of assumpsit on an open account, to which, the defendant pleaded in bar an assignment of all plaintiff’s property, choses in action, &c. according to the provisions of the insolvent debtor’s act; and concluded prout patet per reeordum. The plaintiff replied, that there was no such record, and that no such assignment had ever been made. On which issue was joined.
Upon inspecting the minutes of the court, it appeared, that there was no such record, and in fact, no assignment ever had been made. The defendant, therefore, failed to support his plea, and the P^11^ ought to have had a verdict. It did appear, that the plaintiff had taken the benefit of the insolvent debtor’s act, but none of his creditors, or any other person has yet consented to take an assignment of his estate and effects; and, of course, *675 none has been made. So that the question really is,, whether taking the benefit of the insolvent debt- or’s act does deprive a person qf all further control over his property, when there is no actual assignment.
The words of the acts are, u by such assignment, the estate, &e. so assigned, shall be vested in the person to whom such assignment is made.” If it is by the assignment, the property becomes vested in the assignee, it is by the same instrument the original proprietor becomes divested of it. The assignment is intended for the benefit of the creditors only. What does not belong to them belongs to the debtor still. A refusal on their part to accept of the property, is a consent that he may keep it. I am of opinion the decision of the judge on the circuit was correct, and that this motion ought to be discharged.
Justice Smith concurred.
This case was submitted without argument.